# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JEFFREY KEITH MARTIN                                                          PLAINTIFF
ADC #168392

v.                                      4:17cv00371-JLH-JJV

DARRELL ELKINS, Doctor,
Yell County Detention Facility; *et al*.                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.  INTRODUCTION**

Jeffrey Keith Martin ("Plaintiff") filed this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 3.) He alleges Defendants Mike May, Sr., and Carolyn Barefield, officials at the Yell County Jail, failed to provide adequate and timely dental care for his abscessed tooth and exposed nerve.[1] (*Id*. at 4-5.) He seeks monetary damages. (*Id*. at 6.) Defendants have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. Nos. 25-27.) Plaintiff has responded (Doc. No. 32), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED.

**II.  FACTS**

According to Plaintiff's Complaint, he submitted a medical request on May 9, 2017, and a grievance on May 16, 2017, both complaining of a toothache. (Doc. No. 3 at 4.) He was informed on May 17, 2017, that he was scheduled to see an outside dentist on May 22, 2017. (*Id*.) At that

---

[1] Plaintiff's claim against Defendant Darrell Elkins was previously dismissed without prejudice. (Doc. Nos. 5, 12.)

appointment, he was told he had a severe abscessed tooth with an exposed nerve. (*Id*.) Plaintiff says the dentist told him Yell County would not pay to repair his tooth but would pay for an extraction. (*Id*.) But Plaintiff did not want the tooth extracted because his false teeth "hook to it" and they would no longer fit. (*Id*. at 5.) Plaintiff says he asked the dentist if she could prescribe pain medicine, and she said Yell County would not allow her to do so unless she extracted the tooth. (*Id*.) She said she would prescribe an antibiotic. (*Id*.) Plaintiff alleges he suffered in pain "with nothing prescribed for pain or antibiotics." (*Id*.)

Defendants' evidence shows Plaintiff submitted another medical request on May 31, 2017, asking when he would see the dentist again and why he had not been given anything for pain. (Doc. No. 26-1 at 1.) Defendant May responded, noting Plaintiff had refused an extraction on May 22, 2017, he had been receiving ibuprofen and Tylenol for pain as well as amoxicillin, and he would be taken back to the dentist if he decided to have the tooth pulled. (*Id*.) Plaintiff also submitted a grievance on May 31, 2017, disputing Defendant May's account that he had refused to have the tooth pulled. (*Id*. at 2.) He also said he had not received Tylenol each time he asked for it. (*Id*.) Plaintiff's medication record, which he submits in support of his Response, shows Plaintiff received either ibuprofen or Tylenol on May 16, May 20, May 25, May 26, May 27, May 28, May 31, June 2, June 3, June 4, and June 5, 2017, sometimes multiple times per day.[2] (Doc. No. 32 at 9-14.) He ultimately had the tooth extracted on June 2, 2017, at which point the dentist ordered him to take "ibuprofen every 6-8 hours as needed for pain for up to 3 days for SIMPLE extraction." (*Id*. at 15, Doc. No. 26-3 at 1.)

---

[2] Other evidence in the record shows Plaintiff received amoxicillin twice a day from May 24 to May 29, 2017. (Doc. No. 19 at 14-15.)

**III.     SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**IV.     ANALYSIS**

Plaintiff has sued Defendants in their official capacities only.  (Doc. No. 3 at 2.)  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v.*

*Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id*. at 166.  Accordingly, Plaintiff's claims against Defendants in their official capacities are to be treated as claims against Yell County.  Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Thus, to prevail on his official capacity claims against Defendants, Plaintiff must demonstrate "that there was a policy, custom, or official action that inflicted an actionable injury." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (quoting *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)).  He must show the policy or custom was unconstitutional and that it was "the moving force" behind the harm he suffered.  *Id*. at 633 (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).  Although Plaintiff does not explicitly name any policy or custom of Yell County that caused injury to him, he does allege that, according to the dentist, the county would not pay to have his tooth repaired and would not allow her to prescribe a pain medication absent an extraction.  (Doc. No. 3 at 4-5.)  I construe these

5

allegations as a challenge to the county's policies or customs for purposes of stating official capacity claims against Defendants. However, Plaintiff's allegations fail because he has not pointed to any "officially accepted guiding principle or procedure" or any "continuing, widespread, persistent pattern" that was "constitutionally inadequate." *Jenkins*, 557 F.3d at 633-34.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[3] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A claim that prison officials were deliberately indifferent to a prisoner's serious medical needs has both objective and subjective components. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) prison officials actually knew of but deliberately disregarded those needs. *Id*. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Estelle*, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105.

---

[3] Because Plaintiff was a pretrial detainee at the time of the alleged violation (Doc. No. 3 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id.* at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

Plaintiff's allegation is that Yell County would pay to extract his tooth but would not pay to repair it. (Doc. No. 3 at 4.) Even assuming the county had a policy or practice of refusing to pay for repairs of abscessed teeth, this policy or practice would not be unconstitutional because it does not "evince[] deliberate indifference to serious medical needs." *Jenkins*, 557 F.3d at 633. In choosing to extract Plaintiff's abscessed tooth rather than repair it, the county did not deliberately disregard Plaintiff's serious medical needs; rather, it relied on a medical provider's opinion that extraction was the preferred course of treatment. Plaintiff's initial choice not to have the tooth extracted was merely a disagreement with that treatment decision. Inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Dulany*, 132 F.3d at 1239. A showing of deliberate indifference requires more than mere disagreement with treatment decisions. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff also alleges Yell County policy or practice precluded the dentist from prescribing him pain medication without performing an extraction. (Doc. No. 3 at 5.) But the record does not support this contention. As noted above, Plaintiff received both ibuprofen and Tylenol for pain, as well as amoxicillin, even before his tooth was extracted. (Doc. Nos. 19 at 14-15, 32 at 9-14.) To the extent Plaintiff suggests he should have received a prescription-strength pain medicine – *i.e.*, something other than ibuprofen and Tylenol – this also constitutes a disagreement with treatment decisions.

Defendants contend they are entitled to qualified immunity on Plaintiff's claims. (Doc. No. 26 at 6.) However, "a municipality is not entitled to the shield of qualified immunity from liability under § 1983." *Brandon v. Holt*, 469 U.S. 464, 473 (1985). And because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents,"

7

an official sued in his or her official capacity is likewise not entitled to the qualified immunity defense. *Id*. at 471. Defendants are entitled to summary dismissal of Plaintiff's claims, however, because he has not shown he suffered harm as a result of an unconstitutional policy or custom.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 25) be GRANTED.

2. Plaintiff's claims be DISMISSED with prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE